BENTON, J.,
dissenting.
Granting Amanda Stalvey’s motion for mitigation under Florida Rule of Criminal Procedure 3.800(c), the trial court departed downward from the guideline sentence for reasons set out in writing as follows:
[UJnder Defendant’s guidelines, a prison sentence is mandatory in the absence of statutory mitigating factors. The Court recognizes that consent is not a lawful defense to the offense charged; however, the fact that the victim was a willing participant is a statutory mitigating factor.
The Court finds that this statutory mitigating factor was established by a preponderance of the evidence. According to Defendant, the victim made sexual advances towards Defendant. The Court declines to find that the victim was the instigator of the sexual relationship between the victim and Defendant; however, the Court notes that the sexual encounters took place in Defendant’s home on at least fifteen occasions. There is no evidence that the victim was compelled to go to Defendant’s home or was there under any other pretense or duress initiating from Defendant.
The Court in no way condones Defendant’s conduct, or suggests that the victim is any way to blame for what happened to him. Defendant recognizes in her motion that she exercised extremely poor judgment, and the Court agrees; however, the Court finds that the original sentence imposed is unduly harsh in light of the fact that the victim was a willing participant.
Under the view set out in State v. Rife, 733 So.2d 541, 542-43 (Fla. 5th DCA) (en banc), review granted, 744 So.2d 457 (Fla.1999), I would affirm.